IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dorel Pickett, # 1220939272, ) | |
| ) | CIVIL ACTION NO. 9:09-2986-MBS-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Philip Thompson, Sheriff and ) | |
| Tom Fox, Director, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee at the J. Reuben Long Detention Center in Conway, South Carolina, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgement pursuant to Rule 56, Fed.R.Civ.P. on February 9, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 10, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on March 12, 2010.



1

Defendants' motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that he was booked into the Detention Center on April 23, 2009. Plaintiff alleges that he was placed in housing unit B-4, which has cells with two beds. Plaintiff alleges, however, that each cell had four people in it, and that he had to sleep on the floor "inches from the toilet". Plaintiff alleges that a few days later he was moved to a general population unit, "Unit A-1", where each cell had four bunks with nine inmates sleeping in them. Plaintiff alleges that five inmates, including himself, slept on the floor, and had to eat inches from the toilet.

Plaintiff further alleges that on April 28, 2009, he filed a request form to attend the law library, but that he never received a response to this request. Plaintiff alleges that he then filed a grievance, but that he never received the grievance back either. Plaintiff alleges that he has now been at the Detention Center (as of the date of the Complaint) for seven months, and that he has not been allowed to attend a law library and has therefore been unable to prepare a defense in his case. Plaintiff seeks both declaratory and/or injunctive relief, as well as monetary damages. See generally, Verified Complaint.

The Defendants have submitted no affidavits, documentary exhibits, or any other

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



evidence in support of their motion for summary judgment, relying instead on the arguments presented in their brief. In opposition to the Defendants' motion, however, Plaintiff has submitted an affidavit wherein he attests that the Detention Center has a grievance system where the staff has seventy-two hours to answer a grievance. Plaintiff further attests that the Detention center staff disregarded the grievance that he filed, and that it has never been answered. Plaintiff also notes that the Defendants concede in their answer, at ¶ 6, that Plaintiff has never received a final answer or determination for his grievance.

Plaintiff further attests that he has sustained severe and permanent damage to his back due to overcrowding and having to sleep on an uncushioned mattress, and that he has also received injuries in fights because of overcrowding. Plaintiff attests that inmates are provided no "boats" to put mattresses on to get them off the floor, and that due to the overcrowding other inmates splash bodily fluids (i.e., urine) on his bed because it is next to the toilet. Plaintiff further attests that there was plenty of space in the "pod" where inmates could have been placed, and that the Defendants knew that bodily fluids were being splashed on inmates and their mattresses, but "did nothing". Plaintiff also attests that inmates are forced to eat inside their cells, where bodily fluids are splashed, when they could have instead been let out to the eating area to eat. Plaintiff attests that he is repeatedly subjected to diarrhea and "throwing up" from the unsanitary conditions at the Detention Center.

Plaintiff also attests that the Detention Center is more than a short term hold facility, but there is no way for pro se litigants to file motions or otherwise to prepare legal papers because there is no law library or access to legal help. See generally, Plaintiff's Affidavit.[3]

---

[3]While Plaintiff's affidavit is styled "Plaintiff's Objection to Notice and Motion for Summary
(continued...)



Plaintiff has also submitted affidavits from several other inmates at the Detention Center. Inmate Dallas Thomas attests that he has witnessed Plaintiff put in grievances concerning overcrowding and lack of access to a law library, and that he himself has also put in grievances, but has received no answer to any of his grievances. Thomas further attests that he has witnessed eight to ten inmates being placed in a four man cell. <u>See</u> <u>generally</u>, <u>Thomas Affidavit</u>.

Inmate Joseph Richardson attests that he has been housed at two different housing units, one of which was a one man cell which housed three to four inmates, and the second of which was a four man cell which always had seven to ten inmates. Richardson also attests that grievances were never answered. <u>See</u> <u>generally</u>, <u>Richardson Affidavit</u>.

Artese Taft has submitted an affidavit wherein he attests that he has been housed in the same housing unit as the Plaintiff, and that the cells in this housing unit have four beds, one toilet, and one sink, with eight inmates in a cell. Taft further attests that he has at times seen up to nine inmates in a four man cell. Taft attests that he has observed the Plaintiff put in request forms to attend the law library, but that Plaintiff has never received answers to this request forms, nor has Plaintiff received answers to grievances he has filed. <u>See</u> <u>generally</u>, <u>Taft Affidavit</u>.

Finally, inmate Lawrence Sheedy has submitted an affidavit wherein he attests that he has been housed in the same housing unit in the same cell as the Plaintiff, that they are housed in cells that have four beds, one toilet, and a sink, but that on the date of his affidavit (February 15, 2010) they have eight inmates housed in the cell. Sheedy further attests that there have at times been up to nine inmates housed in the cell. Sheedy attests that he has also observed Plaintiff put in request

---

[3](...continued)
Judgment", he has attached to this document a notarized statement stating under penalty of perjury that his statements in that document are "true and correct".

4



forms to attend the law library, but that Plaintiff has never received answers to these request forms. Sheedy attests that he has observed Plaintiff file grievances regarding these issues and has even assisted him in writing a letter to the Defendant Fox, but that none of these grievances, nor the letter, were ever responded to. See generally, Sheedy Affidavit.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence and arguments presented, the undersigned finds and concludes that the Defendants' motion for summary judgment should be denied.

## I.

Defendants first assert, inter alia, that this action should be dismissed because Plaintiff failed to exhaust his administrative remedies prior to filing this law suit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this



Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." However, it is the Defendants who have the burden of showing that Plaintiff failed to exhaust his administrative remedies; . See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; and the Defendants have failed to submit any evidence to show that they are entitled to dismissal of this case on this ground.

While Defendants argue in their brief that Plaintiff has conceded he has not received a final institutional answer or determination concerning his grievances before filing this lawsuit, Plaintiff has submitted several affidavits to the effect that this is because the Defendants have themselves never responded to his grievances. See Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [ administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable]. As noted, the Defendants have submitted no evidence whatsoever with respect to Plaintiff's grievances, whether they have been properly and timely responded to, or what is their status. Plaintiff's evidence shows that he never received a response to his grievances . Therefore, the Defendants are not entitled to dismissal of this action for failure of the Plaintiff to exhaust his administrative remedies. Anderson, 408 F.3d at 683 [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant].

## II.

Defendants also correctly note that they are not subject to monetary damages in their official capacities. However, as public officials they are subject to monetary damages under § 1983



in their individual capacities. Sales v. Grant, 224 F.3d 293, 297 (4th Cir. 2000). Giving Plaintiff's complaint the liberal construction to which he is entitled as a pro se litigant, the undersigned has assumed that he is seeking damages against the Defendants in their individual capacities.

Defendants also correctly note that the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. See Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). However, the Defendants have presented no evidence to show what their respective responsibilities are with respect to the running and management of the Detention Center, while Plaintiff's allegation in his verified complaint is that it is these Defendants' job to oversee the conditions of housing of inmates at the Detention Center. Supervisory officials may be held liable in a § 1983 action for an official policy or custom for which they are responsible and which resulted in illegal action. See generally, Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubb v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992); See Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)).

Based on the only evidence presented, which is Plaintiff's sworn affidavits, the undersigned cannot find that the Defendants are entitled to summary judgment on this ground at this time.

### III.

With respect to the merits of Plaintiff's claims, the Defendants argue that Plaintiff's complaints about overcrowding are not sufficient to set forth a constitutional claim since he has failed



to present any evidence to show that what was being provided did not meet his basis needs. Defendants further argue that Plaintiff has not shown that he was required to endure these housing conditions for an extended period and/or that he suffered any injury.

However, Plaintiff has provided sworn statements stating that his housing conditions resulted in his having urine splashed on his bedding, on his food, and even on himself on a regular basis, and that by the time he filed this lawsuit he had been living in and subjected to these conditions for over six months. Plaintiff also states under oath that these conditions have resulted in his incurring a back injury as well as intestinal problems such as diarrhea and vomiting. Cf. Wilson v. Cook County Bd. of Commissioners, 878 F.Supp. 1163, 1167-1168 (N.D.Ill. 1995) [pretrial detainee may establish that conditions in detention facility violated his due process rights where remedial injury is alleged]; see also Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ["extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"]; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) ["In the context of a conditions-of-confinement claim, to demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must 'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions', or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions"]; Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993); Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. Mar. 11, 1997) ["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety."].

By contrast, the Defendants have submitted no evidence to show the conditions of Plaintiff's confinement, or to counter the Plaintiff's evidence, having only submitted a brief



8

supporting this motion. Defendants are not entitled to summary judgment on the basis of the arguments presented in their brief alone. Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence]. Therefore, the Defendants are not entitled to summary judgment on this claim.

**IV.**

Finally, with respect to Plaintiff's access to the Court's claim, the Defendants are correct that pre-trial detainees being held in short term holding facilities are generally not entitled to access to a law library. Cf. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); see also Cruz v. Hauck, 515 F.2d 322, 333 (5th Cir. 1975). Further, Defendants also note that, where a criminal defendant is represented by counsel, access to legal materials and/or a law library is also not required. Cruz, 515 F.2d at 331; Jones v. Lexington County Detention Center, 586 F.Supp.2d 444, 449 (D.S.C. 2008).

However, the Defendants have provided no evidence to show that Plaintiff is represented by counsel, as opposed to proceeding pro se on any criminal charges which he is facing. Further, Plaintiff states in his verified complaint and sworn affidavit that he has had no access to a law library or any other legal material or assistance during the entire period of his incarceration at the Detention Center, which (at the time of the filing of the complaint) had spanned over six months. Based on this evidence, in light of Plaintiff's pro se status and the Court's obligation to liberally construe a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case, the Defendants are also not entitled to summary judgment on this claim at this time. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980)[On summary judgment, the Court is required to

9



consider the evidence presented, and all inferences to be drawn from that evidence, in the light most favorable to the non-moving party]; see <u>Ross v. Communications Satellite Corp.</u>, 759 F.2d 355, 364 (4th Cir. 1985), over-ruled on other grounds, 490 U.S. 228 (1989); <u>Gray v. Spillman</u>, 925 F.2d 90, 95 (4th Cir. 1991)[When considering whether summary judgment for the Defendants is appropriate, the Court must assume that the Plaintiff's version of the facts is true].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 12, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

11

