IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dorel Pickett, #1220939272,<br><br>      Plaintiff,<br><br> vs.<br><br>Philip Thompson, Sheriff; and Tom Fox,<br>Director,<br><br>      Defendants.<br>_____ | C/A No. 9:09-2986-MBS<br><br>**O R D E R** |

  Plaintiff Dorel Pickett is a pretrial detainee currently housed at the J. Reuben Long Detention Center in Conway, South Carolina. Plaintiff, proceeding pro se, filed a verified complaint pursuant to 42 U.S.C. § 1983 on November 17, 2009, alleging that Defendants violated his constitutional rights in various respects. Defendant Philip Thompson is Sheriff of Horry County, South Carolina and is responsible for the general supervision of employees of the J. Reuben Long Detention Center. Defendant Tom Fox is Director of the J. Reuben Long Detention Center.

  This matter is before the court on Defendants' motion for summary judgment, which motion was filed on February 9, 2010. By order filed February 10, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on March 12, 2010.

  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On April 12, 2010, the Magistrate Judge issued a Report and Recommendation in which he noted that Defendants had failed

to submit any evidence to counter Plaintiff's evidence, having filed only a memorandum supporting their motion. The Magistrate Judge determined that Defendants' failure to file affidavits or other supporting documentation compelled a conclusion that Defendants were not entitled to summary judgment pursuant to Fed. R. Civ. P. 56. Accordingly, the Magistrate Judge recommended that Defendants' motion be denied. Defendants filed objections to the Report and Recommendation on April 21, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

Plaintiff contends that he is subject to unconstitutional conditions of confinement at the J. Reuben Long Detention Center. He alleges that he has sustained damage to his back because of overcrowding. Specifically, Plaintiff alleges that he must sleep on an uncushioned mattress and that he has received injuries in fights because of overcrowding. Plaintiff contends that his mattress is on the floor near a toilet and that other inmates splash urine on his mattress. He also alleges that he is subjected to unsanitary conditions because he is forced to eat in his overcrowded cell and that he has suffered illness as a result.

Plaintiff also contends that he has no access to a law library or access to legal help at the J. Reuben Long Detention Center. Plaintiff contends that he has submitted numerous grievances regarding the conditions of his confinement, but that his grievances have been disregarded.

II. DISCUSSION

A.   Summary Judgment Standard

Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56. Rule 56 provides that summary judgment shall be granted when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

B.   Law/Analysis

Defendants contend that the Magistrate Judge erred in concluding that Defendants were not entitled to summary judgment on the basis of arguments presented in their memorandum in support of motion for summary judgment. The court disagrees. Defendants bear the burden of proof on summary judgment. As the Magistrate Judge noted, Plaintiff submitted a verified complaint and sworn affidavits from other inmates. This evidence is not controverted by mere arguments of counsel.

In their objections, Defendants request the court to review affidavits of Defendant Fox and Thompson, as well as Plaintiff's medical records from the Detention Center. Defendants Thompson and Fox aver that Plaintiff is housed in a cell that contains more than two pretrial detainees, but that the J. Reuben Long Detention Center is governed by policies approved by the South Carolina Department of Corrections. According to Defendants Thompson and Fox, the Detention Center is reviewed by the South Carolina Department of Corrections as well as the South Carolina Department of Health and Environmental Control. Aff. of Philip Thompson, ¶ 7, ECF No. 24-1; Aff. of Tom Fox, ¶ 7, ECF No. 24-2. Defendants contend that the J. Reuben Long Detention Center is inspected on a regular basis by the South Carolina Department of Corrections, the South Carolina Department of Health and Environmental Control, and the South Carolina Department of Labor, Licensing and Regulation. Thompson Aff. ¶ 12, Fox Aff. ¶ 12. Defendants attest that Plaintiff's medical records reveal no complains of back injury, intestinal problems, diarrhea, vomiting and/or other significant injury related to prison conditions. Thompson Aff. ¶ 20; Fox Aff. ¶ 20. Defendants attest that they are not aware of any adverse consequences sustained by Plaintiff's allegations of denial to legal materials. Thompson Aff. ¶ 25; Fox Aff. ¶ 25.

Plaintiff filed no objection or response in opposition to Defendants' request that the court review the affidavits and medical records submitted with their Objections to the Report and Recommendation. However, on May 12, 2010, Plaintiff filed a letter that reads as follows:

> I Dorel Pickett, Plaintiff in this matter am trying maybe to seek some closure in this matter. That being not having my charges dismissed but to move forward have the conviction, bring my charges to an end. And allow New Jersey to come and take me back to New Jersey to answer my pending indictment. That would end the thirteen months I've been here, giving State their conviction, and save taxpayers money by allowing New Jersey to extradict [*sic*] me. That being settlement nothing more.

Letter from Plaintiff, ECF No. 27.

It appears that Plaintiff may wish to abandon the within action. Nevertheless, because Plaintiff does not object to the affidavits and medical records presented by Defendants, the court will accept the affidavits and Plaintiff's medical records as if they had been submitted in support of Defendants' motion for summary judgment. Based on this additional evidence, the court adopts the Report and Recommendation to the extent that it sets forth the applicable law. However, the court concludes that the additional evidence is adequate to entitle Defendants to summary judgment. The court finds compelling Plaintiffs' medical records, which reveal a history of chronic back pain, fractured femur, hip, tibia, and rotator cuff documented by the New Jersey Department of Corrections prior to his incarceration at the J. Reuben Long Detention Center. The court can find no foundation in the record to support a finding that Plaintiff is subject to unconditional conditions of confinement or that he has suffered the injuries complained of.

With respect to access to the courts, the Magistrate Judge correctly noted that pretrial detainees generally are not entitled to access to a law library. Further, Defendants attest that they are not aware of any adverse consequences sustained by Plaintiff's allegations of denial to legal materials, and Plaintiff has not demonstrated to the contrary. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996) (inmate must show that inadequate law library hindered his efforts to pursue a legal claim).

### III. CONCLUSION

For all these reasons, the court declines to adopt the recommendation of the Magistrate Judge that Defendants' motion for summary judgment be denied. The Report and Recommendation is adopted to the extent that the Magistrate Judge set forth the facts underlying the complaint and the

applicable law. However, based upon Defendants' evidence submitted in conjunction with their Objections to the Report and Recommendation, Defendants' motion for summary judgment (ECF No. 14) is **granted** and the case dismissed, with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 20, 2010

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**